# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 18, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| WENDY M. MEICHTRY, | * | No. 20-950V |
| | * | Special Master Sanders |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Steven H. Jesser,* Steven H. Jesser, Attorney at Law, PC, Glenview, IL, for Petitioner;
*Katherine Carr Esposito*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES[1]

On August 3, 2020, Wendy M. Meichtry ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. § 300aa-10 to -34 (2018)[2] (the "Vaccine Act" or "Program"). that the influenza ("flu") vaccine she received on November 3, 2018, caused her to develop diffused neuritis, right upper limb paresthesia, and easy fatigability. *See id.* On June 29, 2023, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on January 31, 2023. (ECF No. 49).

On October 23, 2023, Petitioner filed a motion for attorneys' fees. Pet'r's Mot. for Final Attorneys' Fees and Costs [hereinafter "Pet'r's Mot. for AFC"], ECF No. 60. Petitioner requests total attorneys' fees in the amount of $12,075.00. *Id*. Petitioner does not assert any costs were

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

incurred in this matter. *See id*. Respondent responded to the original motion for AFC on September 12, 2023, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2, ECF No. 61. Petitioner did not file a reply. This matter is now ripe for consideration.

## I.     Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of her or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because Petitioners were awarded compensation pursuant to a stipulation, they are entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A.     Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The

Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

Petitioner requests that her attorney, Mr. Steven H. Jesser, be compensated at a rate of $525.00 per hour for all work performed in this case from 2020 to 2023. This is Mr. Jesser's second case in the Vaccine Program. Mr. Jesser was previously awarded $350.00 per hour for work performed in 2017, 2018, and 2019. *See Pearson v. Sec'y of Health & Human Servs.*, No. 17-489V, 2019 WL 7167552, at *4 (Fed. Cl. Spec. Mstr. Oct. 29, 2019). At the commencement of this case, Mr. Jesser had 46 years of experience practicing law, giving him significant overall experience, but limited experience in the Vaccine Program. The Forum Hourly Rate Fee Schedule provides that an attorney with 31 or more years of experience can be awarded a rate of $433.00-$484.00 per hour for 2020, $455.00-$509.00 per hour for 2021, $470.00-$525.00 per hour for 2022, and $495.00-$553.00 per hour for 2023.

The rates request by Mr. Jesser are higher than what special masters have found to reasonable for attorneys with similar experience, and do not account for Mr. Jesser's *Vaccine Program* experience, nor his experience within the range. For 2020 and 2021, Mr. Jesser's rates exceed the range of the fee schedules for attorneys with 31 or more years of experience. And for 2022 and 2023, while within the ranges of fee schedules, Mr. Jesser's rates are on the high end for an attorney with his level of experience each year.

The undersigned finds cause to reduce the requested hourly rates from 2020 to 2022, in the earlier years that Mr. Jesser worked on this case. However, due to his experience gained over time, the undersigned awards his requested rate in 2023. As such, Mr. Jesser is awarded the following rates: $450.00 per hour for work completed in 2020, $475.00 per hour for work completed in 2021, and $500.00 per hour for work completed in 2022. He is awarded his requested rate of $525.00 for work completed in 2023. This results in a reduction of **$1,000.00**.[4]

### B.   Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)). It is well-established that billing for administrative or clerical tasks is not permitted in the Vaccine Program. *See e.g.*, *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Human Servs.*, No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters v. Sec'y of Health & Human Servs.*, No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch*, 2015 WL

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[4] (6 hours x ($525.00 – $450.00)) + (10.5 x ($525.00 – $475.00)) + (1 x ($525.00 – $500.00)) = $1,000.00.

5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Upon review, the undersigned finds the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, the undersigned does not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $11,075.00.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| Attorneys' Fees Requested | $12,075.00 |
| --- | --- |
| (Reduction to Fees) | ($1,000.00) |
| **Total Attorneys' Fees Awarded** | **$11,075.00** |
|  |  |
| Attorneys' Costs Requested | $0 |
| **Total Attorneys' Costs Awarded** | **$0** |
|  |  |
| **Total Attorneys' Fees and Costs** | **$11,075.00** |

**Accordingly, the undersigned awards a lump sum in the amount of $11,075.00, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her counsel, Mr. Steven H. Jesser.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.